FILED

MAY 08 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH KIM | No. 18 CR 107<br><br>Violation: Title 18, United States Code, Section 1343 |

JUDGE WOOD

MAGISTRATE JUDGE MARTIN

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    a. Defendant JOSEPH KIM was a trader at Consolidated Trading, LLC, a Chicago proprietary trading firm that traded, among other things, cryptocurrency.

    b. Cryptocurrencies are digital or virtual currencies that function as a medium of exchange, units of accounts, and/or stores of value. These currencies use cryptography (a form of data encryption) for security and are not issued by any central authority, such as a government or banking system. Cryptocurrencies are exchanged between users on a decentralized peer-to-peer network of computers, which is called a blockchain.

    c. Bitcoin and Litecoin are convertible virtual currencies that can be transferred between users and purchased with, and exchanged for, U.S. and other real or virtual currencies.

    d. Cryptocurrencies, such as Bitcoin and Litecoin, can be traded on exchanges, which are businesses that allow cryptocurrencies to be traded for government-backed currencies, such as the U.S. Dollar, or other cryptocurrencies. Some of these exchanges include Bithumb and Kraken.

    e. Wallets or digital wallets are mediums that store the public and private keys which can be used to receive or transfer the cryptocurrency. Public and private keys are the

encryption mechanisms used to access cryptocurrency.

2. Beginning in or about September 2017, and continuing until in or about March 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH KIM,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant KIM made false statements and representations to fraudulently obtain and retain cryptocurrency for his own personal benefit.

4. It was further part of the scheme that, from in or about September 2017 through in or about November 2017, KIM misappropriated Consolidated's Bitcoin and Litecoin, through a series of transfers from Consolidated's wallets to KIM's personal wallets, in order to cover personal trading losses in his own trading accounts.

5. It was further part of the scheme that, when questioned about his transfers of company-owned cryptocurrencies, KIM falsely told Consolidated's management that the transfers were made to company-owned wallets or that the transfers were unsuccessful and would be credited back. KIM knew that he transferred Consolidated's Bitcoin and Litecoin to his own wallets in order to cover his personal trading losses in cryptocurrencies.

6. It was further part of the scheme that, after KIM was terminated from Consolidated in or about November 2017, KIM raised approximately $545,000 from at least five investors through the use of false statements and representations with the goal of earning a profit from cryptocurrency trading to pay back Consolidated.

7. It was further part of the scheme that, in order to obtain investors' funds, KIM falsely told investors that he decided to voluntarily leave Consolidated to start his own trading firm, and knowingly concealed from investors that his employment had been terminated for misappropriating Consolidated's cryptocurrency.

8. It was further part of the scheme that KIM falsely told investors that that he would invest their funds in an arbitrage cryptocurrency strategy that was lower in risk, when KIM actually used a high-risk, directional strategy based on the movement of cryptocurrencies that resulted in substantial losses to the investors.

9. It was further part of the scheme that KIM sent false account statements to investors showing that his trading of their funds was profitable, when KIM knew that the trading actually experienced substantial losses.

10. As a result of his scheme, KIM caused losses of approximately $601,000 to Consolidated and approximately $595,000 to certain investors.

11. On or about November 16, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOSEPH KIM,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely an interstate wire communication from Consolidated's Bithumb account in the amount of approximately 55 Bitcoins to KIM's personal Kraken account;

In violation of Title 18, United States Code, Section 1343.

_John R. Lausch, Jr. by JY_
UNITED STATES ATTORNEY